IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KATHERINE SCHIMMING,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN KATIE WESTON,<br><br>Respondent. | CV 26-03-BU-WWM<br><br>ORDER |

On January 13, 2026, state pro se prisoner Katherine Schimming filed this action under 28 U.S.C. § 2254. Schimming's petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 (Doc. 1) challenges a July 13, 2022, 120-month sentence and parole restriction for Accountability for Attempted Deliberate Homicide handed down in Montana's Third Judicial District, Deer Lodge County. *See generally* (Doc. 1); *see also*, (Doc. 1-1).

The matter was subsequently transferred to the Butte Division, pursuant to D. Mont. L.R. 1.2(c)(2), 3.2(b)(2)(A). (Doc. 4). It was observed that on the documents Schimming filed, her legal name was given as "Katheryn Florence Schimming," and that she had filed two prior federal civil rights actions using that same spelling, but her habeas petition utilized the spelling "Shimming." (*Id.* at 1, f.n. 1) (referencing *See, Schimming v. Hansen*, Cause No. CV-24-133-BLG-DWM,

Comp. (filed Sept. 16, 2024), and *Schimming v. Krakowka et al.*, Cause No. CV-24-23-BU-DWM, Comp. (filed Feb. 24, 2025)). Schimming was directed to file an amended petition using the Court's standard form. It was explained to Schimming that the form was useful to the Court and provided information required to prescreen her filing. (Doc. 4 at 2).

On February 6, 2026, Schimming submitted an amended petition. *See*, Amd. Pet. (Doc. 7 at 9). In the filing, Schimming corrected the spelling of her name to "Schimming." (*Id.* at 1). Accordingly, the Court will utilize this spelling of her name and direct that the docket be corrected accordingly.

Schimming acknowledges that the sentencing court placed no restriction upon her eligibility for parole. (*Id.* at 3). Relying upon *Hicks v. Oklahoma*, 447 U.S. 343 (1980), Schimming alleges that she has a protected liberty interest in parole eligibility and suggests that she should be released on parole after serving one-half of her sentence. Schimming believes that being deprived of release on parole constitutes a violation of her right to due process under the Fourteenth Amendment. *(Id.* at 4). In her amended petition, Schimming states she raised this issue before the Montana Supreme Court via a habeas petition. (*Id.* at 4-5). A review of the Montana Supreme Court's docket, however, reveals no such filing.[1]

---

[1] *See*, Montana Supreme Court Website: https://supremecourtdocket.mt.gov/ (accessed February 19, 2026).

In a prior filing with this Court, Schimming asserted that she has presented this same claim to the state district court by filing a "motion to vacate illegal sentence." She went on to suggest that if the state district court denied her claim, there would be no further process available to protect her rights. *See, e.g.*, (Doc. 5 at 4). Schimming did not believe that she was required to exhaust this claim in the state court system. (*Id.*)

Schimming also now asserts that a *Brady* violation[2] occurred in her underlying criminal proceedings. (Doc. 7 at 5). Schimming does not identify what evidence she believes to have been suppressed, whether it was favorable to her defense, the manner in which the evidence was suppressed, or how she was prejudiced from the purported suppression. Schimming also does not indicate whether or not she has presented this claim in any collateral state proceedings, *see* (*id.* at 5-6), but acknowledges that she has an unidentified matter pending in the "Anaconda District Court." (*Id.* at 6).

In her amended petition, Schimming does not identify the relief sought. *See*, (Doc. 7 at 8). In a prior filing, Schimming asked this Court to order the state court to correct her sentence and vacate the purportedly illegal parole restriction.

---

[2] In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Court held that "suppression by the prosecution of evidence favorable to an accused…violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or the bad faith of the prosecution."

3

(Doc. 5 at 5, 8). She also requested that the Respondent be ordered to show cause as to why the writ should not be granted. (*Id.* at 7-8).

## I. Analysis

There are several issues with Schimming's petition that preclude relief in this Court. Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." As discussed below, the petition will be dismissed.

### i. Exhaustion

The initial issue with Schimming's petition is that she has an active motion pending before the state district court seeking, at least in part, the same relief sought in this Court. The Court has independently reviewed Schimming's state court docket and verified that there is a postconviction motion pending before the state district court that has not yet been ruled upon. *State v. Schimming*, Cause No. DC-2022-06, ROA, filing #55.[3] *See Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011) (court may take judicial notice of proceedings in other courts, within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue).

---

[3] For purposes of clarity, a copy of the docket sheet will be attached to this Order.

4

While Schimming believes she should not be required to exhaust her claims, her belief does not make it so. As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *See e.g.*, 28 U.S.C. §§ 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("Comity thus dictates that when a prisoner alleges that [her] continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."); *see also, Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).

State remedies have not been exhausted unless and until the petitioner's federal claims have been fairly presented to and disposed of on the merits by the highest court of the state. *See, Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A claim has not been fairly presented unless the petitioner has described in the state court proceedings both the operative facts and the federal legal theory on which her claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Thus, to the extent that Schimming seeks to challenge any claims relevant to her state judgment of conviction, exhaustion is required.

### ii. Non-Cognizable Claim

To the extent that Schimming believes the state courts have misinterpreted or misapplied state law, the claim is not cognizable. The federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Schimming's claim that there was an error in applying state sentencing laws, specifically inclusion of a parole restriction, her claim is not cognizable in a federal habeas action. *See, Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

In limited circumstances, a state court's misapplication of state sentencing law may provide a basis for federal habeas relief if it is so arbitrary or capricious as to constitute an independent constitutional violation. *Id.* Schimming suggests that the purported parole violation implicates her right to due process. But it appears Schimming misunderstands her sentence. A review of Schimming's judgment, specifically states that "there are no parole restrictions imposed by the Court on the defendant's sentence." *See, State v. Schimming*, Cause No. DC-2022-06, Judg. at 3 (dated August 18, 2022).[4] Moreover, in November 2024, Schimming appeared

---

[4] A copy of Schimming's judgment will also be attached to this Order.

before the Montana Board of Pardons and Parole. She was denied parole but was ordered to appear before the Board in November of this year.[5]

Schimming has not shown that any state law violation occurred, much less that such error was "so arbitrary and fundamentally unfair" that it violated her right to due process. *Jammal v. Van de Kamp*, 926 F. 2d 918, 920 (9th Cir. 1991) (quotation omitted); *Lewis*, 497 U.S. at 780. Although Schimming may be unhappy with the parole denial, it does not create an issue of constitutional import.

## II.   Conclusion

Out of an abundance of caution, this matter will be dismissed without prejudice, allowing Schimming to return if and when she fully exhausts any viable federal constitutional claims. Schimming is cautioned, however, that a petitioner generally has only one opportunity to file a federal habeas petition challenging a state judgment of conviction. Any continued pro se filings related to unexhausted and/or non-cognizable claims may have a preclusive effect on her ability to seek and obtain future federal habeas relief.

## III.   Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability when it enters a final order

---

[5] *See*, Montana Board of Pardons and Parole, November 2022 Dispositions, p. 29: https://bopp.mt.gov/dispositions (accessed February 11, 2026.)

adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Schimming has not yet made a substantial showing of a violation of a federal constitutional right. Moreover, the petition is unexhausted, precluding this Court's intervention. Jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability is denied.

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Schimming's Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED**.

2. The Clerk of Court is directed to amend the docket to reflect the spelling of petitioner's last name as "Schimming."

3. The Clerk of Court is directed to attach the docket sheet and the judgment of conviction from Schimming's state court matter, *State v. Schimming*, Cause No. DC-2022-06, as exhibits to this Order.

4. The Clerk of Court is directed to enter a judgment of dismissal.

5.	A certificate of appealability is **DENIED**.

DATED this 26th day of February, 2026.

_____
WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE